STATE OF NORTH CAROLINA v. ALVIN CAMPBLE PHILLIPS, JR.

No. 8318SC238

(Filed 7 February 1984)

**Criminal Law § 86.3— impeachment of defendant—prior convictions—details of crimes**

In a rape prosecution in which defendant testified on direct examination that he had previously been convicted on two counts of contributing to the delinquency of a minor, the trial court erred in permitting the prosecutor to cross-examine defendant concerning the details of the prior crimes.

APPEAL by defendant from *Hairston, Judge.* Judgment entered 24 June 1982 in Superior Court, GUILFORD County. Heard in the Court of Appeals 27 October 1983.

*Attorney General Edmisten, by Assistant Attorney General Marilyn R. Rich, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Ann B. Petersen, for defendant appellant.*

BECTON, Judge.

Defendant appeals from his conviction for second degree rape.

I

In March 1982 defendant shared a house with his girlfriend and her female friend, the prosecuting witness. The prosecuting witness had a separate bedroom. During the night of 11 March 1982, the defendant's girlfriend left the house without waking her friend, after an argument with the defendant. The alleged rape occurred early on the morning of 12 March 1982 when the defendant entered the prosecuting witness' bedroom. The prosecuting witness testified that the defendant used force to engage in sexual intercourse with her. Defendant testified that he used no force and that she offered no resistance.

II

Defendant first assigns error to the trial court's failure to prohibit cross-examination on the details of defendant's prior convictions for contributing to the delinquency of a minor.

On direct examination, defendant testified that in 1968 he had been convicted of two counts of contributing to the delinquency of a minor. On cross-examination, the district attorney again asked the defendant to admit his prior convictions. The district attorney went on to ask him:

> Q. And the basis for those charges and the conviction was the fact that you had engaged in—

> MR. ALEXANDER: Objection.

> (By Mr. Coman)—sexual relations—

> MR. ALEXANDER: Objection. I want to be heard.

At that point the trial judge excused the jury to rule on the objection. Without clarification, he overruled the objection. Subsequently, the district attorney elicited from the defendant the prosecuting witness' names and ages as well as the acts involved in the convictions for contributing to the delinquency of a minor.

> And I'll ask you if it isn't a fact that in 1968 the contributing to the delinquency of a minor involved a girl by the name of Rebecca Jane Dickerson, who at that time was 15 years of age and with whom you had engaged in sexual contact; isn't that right?
>
> . . . .
>
> And I'll ask you if it isn't a fact that at that time you had sexual relations with a young girl who was 15 by the name of Janice Brogdon?

He also cross-examined the defendant about prior convictions for motor vehicle violations, breaking and entering and assault on a female.

In North Carolina, a witness, including a criminal defendant, may be cross-examined about his prior convictions, for purposes of impeachment. *State v. Finch*, 293 N.C. 132, 235 S.E. 2d 819 (1977); 1 H. Brandis, *North Carolina Evidence* § 112 (2d rev. ed. 1982). Once the witness has admitted a prior conviction, for purposes of impeachment, cross-examination on the prior conviction is limited to an inquiry into the time and place of the conviction and the punishment imposed. *Finch*.

Strong policy reasons support the prohibition on cross-examination as to the details of the prior crime. "Such details unduly distract the jury from the issues properly before it, harass the witness, and inject confusion into the trial of the case." *Id.* at 141, 235 S.E. 2d at 824. The details of defendant's conviction for contributing to the delinquency of a minor had no bearing on the present case. More importantly, an inquiry into the details and circumstances of a prior conviction exceeds the purposes of impeachment, and instead, may prejudice the jury's consideration of the fundamental question at issue, the defendant's guilt or innocence of the *present* crime charged. *United States v. Dow*, 457 F. 2d 246 (7th Cir. 1972). Prejudice is especially likely in this instance since the contested details pertained to a similar offense, a sex crime. We are keenly aware that "[g]uilt must be predicated upon evidence relevant to the offense charged, and not founded upon past crimes." *Dow*, 457 F. 2d at 250.

We conclude that the trial court should have sustained the defense counsel's objection to the district attorney's questions. The evidence admitted constituted prejudicial error. Our holding negates the need to address the defendant's other arguments. We order the case remanded for a

New trial.

Judges HEDRICK and HILL concur.